## CONTRACT FOR PUBLIC IMPROVEMENT.

Circuit Court of Hamilton County.

FRED TUKE, A TAX-PAYER, ON BEHALF OF THE CITY OF CINCINNATI, v. J. H. SUNDMAKER, DIRECTOR OF PUBLIC SERVICE, ET AL. *

Decided, November 1, 1910.

*Bids and Bidding—Construction Which Will be Placed on Specifications Must be Known to Bidders—Injunction Against Award of Contract for Wood Block Paving—Where the Proposals Could Not be Reconciled.*

The execution of a contract for a public improvement will be enjoined, where the specifications were impossible of enforcement and

---

* Affirming 10 N.P.(N.S.), 417.

the bidders were not made aware of the construction which would be placed upon the specifications in determining which was the lowest and best bid.

*Maxwell & Ramsey*, for the plaintiff in error.
*E. M. Ballard*, City Solicitor, and *F. F. Dinsmore*, contra.

GIFFEN, P. J.; SMITH, J., and SWING, J. concur.

The plaintiff seeks to enjoin the execution of a contract for paving Eastern avenue with wood-block treated with a heavy or dead oil of coal-tar.

The specifications provided that the oil shall be free from carbon, and it is admitted that a strict compliance with this provision is impossible. It is admitted also that the prior interpretation of this provision allowed two and one-half per cent. of free carbon. The construction applied in awarding this contract was not more than three-fourths of one per cent. It is plain therefore that the impossibility of complying with the specifications was evidenced by each and every sample of oil submitted with the bids, and left to speculation by the bidders the maximum amount of free carbon permitted. While the director of public service had the per cent. fixed in his own mind, it was not known to all the bidders nor to all who might desire to bid. Their information must come from the specifications, unless the construction adopted by the director of public service was known to all. The court will not do a vain thing by undertaking the enforcement of that which is impossible or to reconcile proposals that were confessedly not in compliance with the specifications. We are of the opinion that the director of public service could not legally award a contract to any bidder, because all the proposals as evidenced by the samples of oil submitted failed to comply with the specification as to that material.

The execution of the contract will be enjoined.